

**STEIN & NIEPORENT LLP**
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444 Main
(212) 836-9595 Fax
www.steinllp.com

David Stein: DSTEIN@STEINLLP.COM
(admitted in NY, NJ, PA, DC, IL)

David Nieporent: DNIEPORENT@STEINLLP.COM
(admitted in NY, NJ)

---

> On Thursday, July 24, 2025, the parties have a settlement conference before the undersigned. (ECF No. 16). Defendant has nevertheless seen fit to raise a discovery dispute about the format of Plaintiff's deposition, about which Defendant seeks a Local Rule 37.2 conference. (ECF No. 19). The Court strongly encourages the parties to focus their attention and resources to preparing for a productive settlement conference. Accordingly, Defendant's request for a discovery conference is **DENIED** without prejudice to renewal after the settlement conference if the parties do not reach an agreement.
>
> The Clerk of the Court is respectfully directed to close ECF No. 19.
>
> SO ORDERED.    July 18, 2025
>
> *Sarah L. Cave*
> SARAH L. CAVE
> United States Magistrate Judge

---

July 18, 2025

**VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

   **Re:** **<u>Young v. Dine Brands Global, Inc.</u>**
      *Case No. 25-cv-908 (DEH) (SLC)*

Dear Magistrate Judge Cave:

  We represent defendant Dine Brands Global, Inc., in the above-referenced ADA website accessibility case, and we write with respect to a discovery dispute in this matter. We have handled many of these ADA website cases, and in our experience, an early deposition of plaintiff, to explore standing-related issues, is often very productive.

  As such, on June 30, we noticed plaintiff's remote, video deposition for July 25, to be taken if the parties were unable to reach a resolution at the settlement conference being conducted by Your Honor the day before.. However, last week, plaintiff's counsel Jeffrey Gottlieb, Esq., told us that plaintiff could only do a telephonic deposition because (a) counsel's health will not allow him to appear in person and (b) plaintiff cannot do a video deposition due to her disability.

  We have attempted to confer about this, including exchanging emails as well as holding a discussion via telephone as required by Paragraph II(C) of Your Honor's Individual Practices, but the parties remain entrenched in their positions.  This has arisen in several other website accessibility cases we have litigated against Mr. Gottlieb — although never resolved because the cases settled before the depositions were held[1] — and our respective positions have not changed in any of them, so it is clear we are at an impasse.

  We wish to take plaintiff's deposition via video — as Your Honor is an experienced judge and lawyer, we do not feel the need to belabor the point that a telephonic deposition

---

[1] In one case, *Hedges v. Excel Sports Science, Inc.*, 24-cv-3813, Judge Subramanian granted counsel's request, but did so <u>only</u> because it was a last minute application by plaintiff; Judge Subramanian expressly noted, "Plaintiff should not expect this accommodation for all depositions in this matter absent a showing of good cause."   [Docket Entry 15, August 14, 2014.]

Hon. Sarah L. Cave, U.S.M.J.
July 18, 2025
Page 2 of 2

is a vastly inferior form of deposition to a video one — and see no reason why plaintiff cannot appear for a video deposition. In the course of our handling of ADA website cases in recent years, we have taken testimony from twenty other visually impaired individuals. In each case, the examinations of these individuals was conducted via remote video, and none of them had any difficulty with the technology as a result of their disability. And given that this plaintiff pleads in her complaint that she "is, however, a proficient JAWS screen-reader user and uses it to access the Internet," she should have no more difficulty than any of the others. (Emphasis added.) We wish to point out that this claim of inability is not unique to Ms. Young; this plaintiff's counsel has raised this same issue with respect to *multiple* plaintiffs, making the same exact contention about each of them.

Moreover, even if plaintiff could not manage on her own, it is unclear why someone who is represented by counsel does not have anyone who can assist her with the deposition.[2] Mr. Gottlieb has asserted that his own health condition prevents him from assisting his client with a video deposition. We have no reason to dispute that. But counsel is not a solo practitioner, and he fails to explain why his colleague Michael L. LaBollita, Esq. — *the attorney who actually signed and filed the complaint* — cannot do so.

Without plaintiff offering anything but a perfunctory, boilerplate reason why she cannot make herself available for a video deposition, defendant respectfully requests that Your Honor order her to appear as noticed, or at another time in the near future where the parties are mutually available. (As mentioned above, our experience is that deposing plaintiffs early in cases such as these is beneficial for resolving the litigation.) In the alternative, we request that the Court schedule a conference to address this matter.

We thank the Court for its attention to this matter, and we are available at Your Honor's convenience if the Court has any questions regarding the foregoing.

                                                Respectfully submitted,

                                                David Stein

cc:    Jeffrey Gottlieb, Esq. (via ECF)
        Michael LaBollita, Esq. (via ECF)

---

[2] None of the other blind individuals we deposed required the assistance of counsel or any other third party, but of course if that is what Ms. Young requires, we have no objection.