

**STEIN & NIEPORENT LLP**
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444 Main
(212) 836-9595 Fax
www.steinllp.com

David Stein: DSTEIN@STEINLLP.COM
(admitted in NY, NJ, PA, DC, IL)

David Nieporent: DNIEPORENT@STEINLLP.COM
(admitted in NY, NJ)

---

The Court is in receipt of Defendant's letter at ECF No. 24 requesting that the Court order Plaintiff to appear for a video deposition, or in the alternative, requesting a conference to discuss the parties' dispute. (ECF No. 24). The Court also received Defendant's opposition to same. (ECF No. 25).

A telephone conference to discuss the parties' discovery dispute is scheduled for **August 18, 2025 at 10:00 a.m. ET**. The parties are directed to call (855) 244-8681; access code: 2308 226 4654 at the scheduled time.

The Clerk of Court is respectfully directed to close ECF No. 24.

SO ORDERED.    August 8, 2025

*/s/ Sarah L. Cave*
SARAH L. CAVE
United States Magistrate Judge

---

August 7, 2025

**VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

  Re: <u>**Young v. Dine Brands Global, Inc.**</u>
    *Case No. 25-cv-908 (DEH) (SLC)*

Dear Magistrate Judge Cave:

  We represent defendant Dine Brands Global, Inc., in the above-referenced ADA website accessibility case, and we write to renew our request for Your Honor's assistance in resolving a discovery dispute with plaintiff relating to her deposition. As we previously explained, in our extensive experience handling cases of this nature, we find early depositions of plaintiffs to often be very productive in exploring threshold standing-related questions, and so we seek to take Ms. Young's junction as soon as everyone's schedules permit.

  As such, last week we re-noticed plaintiff's remote, video deposition for August 30. However, just as before, plaintiff's counsel Jeffrey Gottlieb, Esq., informed us that plaintiff could only participate in a telephonic deposition rather than a video deposition both because (a) plaintiff cannot manage to do a video deposition due to her disability; and (b) counsel's health will not allow him to assist her with the technology, as he is unable to be present in person.

  We have attempted to meet-and-confer about this issue, including exchanging emails as well as holding another discussion with plaintiff's counsel via telephone today as required by Paragraph II(C) of Your Honor's Individual Practices, but the parties remain entrenched in their positions. This exact same dispute has arisen in several other website accessibility cases we have litigated against Mr. Gottlieb's clients — although never resolved because the cases settled before the depositions were held[1] — as well as earlier in this case,

---

[1] In one case, *Hedges v. Excel Sports Science, Inc.*, 24-cv-3813, Judge Subramanian granted counsel's request, but did so <u>only</u> because it was a last minute application by plaintiff; Judge Subramanian expressly noted, "Plaintiff should not expect this accommodation for all depositions in this matter absent a showing of good cause."  [Docket Entry 15, August 14, 2024.]

and our respective positions have not changed in any of them, so it is clear we are at an impasse.

      We wish to take plaintiff's deposition via video — as Your Honor is an experienced judge and lawyer, we do not feel the need to belabor the point that a telephonic deposition is a vastly inferior form of deposition to a video one — and see no reason why plaintiff cannot appear for a video deposition. In the course of our handling of ADA website cases in recent years, we have taken testimony from twenty other visually impaired individuals. In each case, the examinations of these individuals was conducted via remote video, and none of them had any difficulty with the technology as a result of their disability. And given that this plaintiff pleads in her complaint that she "is, however, a <u>proficient</u> JAWS screen-reader user and uses it to access the Internet," she should have no more difficulty than any of the others. (Emphasis added.) We wish to point out that this claim of inability is not unique to Ms. Young, which might make it more understandable; this particular plaintiff's counsel has raised this same issue with respect to *multiple* plaintiffs, making the same exact contention about each of them.

      Moreover, even if plaintiff could not manage on her own, it is unclear why someone who is represented by counsel does not have anyone who can assist her with the deposition.[2] Mr. Gottlieb has asserted that his own health condition prevents him from personally assisting his client with a video deposition. We have no reason to dispute that. But counsel is not a solo practitioner, and he fails to explain why his colleague Michael L. LaBollita, Esq. — *the attorney who actually signed and filed the complaint* — cannot do so.

      Without plaintiff offering anything but a perfunctory, boilerplate reason why she cannot make herself available for a video deposition, defendant respectfully requests that Your Honor order her to appear as noticed, or at another time in the near future where the parties are mutually available. (As mentioned above, our experience is that deposing plaintiffs early in cases such as these is beneficial for resolving the litigation.) In the alternative, we request that the Court schedule a conference to address this matter.

      We thank the Court for its attention to this matter, and we are available at Your Honor's convenience if the Court has any questions regarding the foregoing.

                                    Respectfully submitted,

                                    David Stein

cc:    Jeffrey Gottlieb, Esq. (via ECF)
         Michael LaBollita, Esq. (via ECF)

---

[2] None of the other blind individuals we deposed required the assistance of counsel or any other third party, but of course if that is what Ms. Young requires, we have no objection.